**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3253
_____

UNITED STATES OF AMERICA,

v.

ALSOL CORPORATION; SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP;
SB BUILDING GP, L.L.C.; UNITED STATES LAND RESOURCES, L.P.;
UNITED STATES REALTY RESOURCES, INC.; LAWRENCE S. BERGER

SB Building GP, L.L.C.; United States Land Resources, L.P.;
United States Realty Resources, Inc.; Lawrence S. Berger,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-09-cv-03026)
District Judge: Honorable Jose L. Linares

_____

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

Before: RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

(Filed: August 7, 2015)

## O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Appellants SB Building GP, L.L.C., United States Land Resources, L.P., United States Realty Resources, Inc., and Lawrence S. Berger (collectively, "Non-Debtor Defendants") appeal from the District Court's Opinion and Order entered May 9, 2014, which granted the Government's motion to enforce a consent decree and denied Non-Debtor Defendants' motion to modify the consent decree. Non-Debtor Defendants raise two related issues on appeal: (1) whether the District Court erred in refusing to modify the consent decree pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure; and (2) whether the District Court erred in refusing to modify the consent decree pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. We will affirm.

## I.  Background

Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9604, empowers the Government to access facilities containing hazardous substances and allows the Government to commence a civil action if an entity refuses to grant access to such a facility. 42 U.S.C. § 9604(e). Here, the Government was denied permission to access and take over the environmental cleanup of the Michelin Powerhouse Superfund Site in Milltown, New

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jersey (the "Site").  The owners of the Site are Alsol Corporation and SB Building

Associates, Limited Partnership (collectively, "Debtor Defendants").  The Government

filed suit, and, on July 26, 2011, the District Court entered a consent decree.  The consent

decree resolved the Government's civil claims against both Debtor Defendants and Non-

Debtor Defendants and granted the Government continued access to the Site.  Both

Debtor Defendants and Non-Debtor Defendants subsequently failed to pay the required

installments under the consent decree, which has triggered additional penalties.  The

Debtor Defendants have filed for bankruptcy and are not party to this appeal.  On March

7, 2014, the Government moved to enforce the consent decree and the Non-Debtor

Defendants later cross-moved to modify the consent decree.  The District Court granted

the Government's motion and the Non-Debtor Defendants have appealed.

## II.  Analysis

We review a District Court's decision refusing to modify a consent decree for

abuse of discretion.  *See Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d

192, 201 (3d Cir. 2012).

### A.      Federal Rule of Civil Procedure 60(b)(5)

Non-Debtor Defendants first urge that the District Court erred by not modifying

the consent decree pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure.

Rule 60(b)(5) permits a court to modify a consent decree if "applying it prospectively is

no longer equitable."  Fed. R. Civ. P. 60(b)(5).  We have held that "[t]he definitional

limitation in subsection (5) is significant in that it empowers a court to modify a

judgment only if it is 'prospective,' or executory."  *Marshall v. Bd. of Educ.*, 575 F.2d

3

417, 425 (3d Cir. 1978). Although the Non-Debtor Defendants have not yet paid the damages owed and although the damages continue to accrue, we have "explicitly noted that even if the judgment had not yet been satisfied, it would not qualify as prospective under Rule 60(b)(5) because '[a] 'prospective' injunction envisions a restraint of future conduct, not an order to remedy past wrongs when the compensation payment is withheld from the beneficiaries until some subsequent date.'" *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002) (quoting *Marshall*, 575 F.2d at 425 n.27). The Non-Debtor Defendants are seeking relief from payments that are due or scheduled to become due, and, therefore, do not meet this prospectivity requirement. Accordingly, Rule 60(b)(5) is inapplicable here.

B.    Federal Rule of Civil Procedure 60(b)(6)

Non-Debtor Defendants also urge that the District Court erred in not modifying the consent decree pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) permits a court to modify a consent decree for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted). Extraordinary circumstances are present when a party "demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011). "Extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds,* 536 F.3d at 255.

4

Non-Debtor Defendants urge that the "extraordinary inflation" of their debt under the consent decree is "inequitable" and that they are unable to pay that amount.[1] (Apps.' Br. 20.) As the District Court correctly points out, "the Non-Debtor Defendants freely agreed to the terms of the Consent Decree, including the accelerated payment and stipulated penalty provisions." (App. 9.) Moreover, the increase from $200,000 to $896,751.79 in the amount owed by the Non-Debtor Defendants is not extraordinary. It is not unheard of for courts to uphold stipulated penalties that greatly exceed the amount originally due under a consent decree. *See, e.g.*, *United States v. Rueth Dev. Co.*, 335 F.3d 598, 601-02 (7th Cir. 2003) (upholding judgment for $4,018,500 in stipulated penalties where the original penalty was only $23,000). Given the Non-Debtor Defendants' deliberate choice to enter into the consent decree, the District Court did not abuse its discretion in denying the Non-Debtor Defendants' motion to modify the consent decree.

## III. Conclusion

For the foregoing reasons, we will affirm.

---

[1] Non-Debtor Defendants also contend that the Debtor Defendants' bankruptcy was an unforeseen changed circumstance, but, as the District Court correctly noted, "the Non-Debtor Defendants have offered no evidence suggesting that the Debtor Defendants' finances prevent them, the Non-Debtor Defendants, from paying what they currently owe under the Consent Decree." (App. 6.)